IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-ct-3320-D

**Ronald McClary**,

    Plaintiff,

v.

**Lieutenant Crosson,** et al.,

    Defendants.

**Order and
Memorandum and Recommendation**

  On December 19, 2014, Ronald McClary, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. D.E. 1. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915A. Also before the court are McClary's six motions to amend his Complaint. After a review of McClary's submissions, it appears that McClary has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 before filing his Complaint. Therefore, the undersigned recommends[1] that that the court grant McClary's motions to amend (D.E. 6, 9 13, 17, 18, 19), but dismiss without prejudice his Complaint (D.E. 1).

  McClary filed six motions to amend his Complaint to include allegations of conduct occurring after his initial filing. D.E. 6, 9 13, 17, 18, 19. Rule 15 of the Federal Rules of Civil Procedure allows a party to amend his pleadings once as a matter of course within certain limits. Fed. R. Civ. P. 15 (a)(1)(A) and (B). The Rule also allows for other amendments, stating that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Furthermore, the Fourth Circuit has stated that courts should liberally construe the

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

requirements of Rule 15 to "give[ ] effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Therefore, McClary's motions to amend his Complaint (D.E. 6, 9 13, 17, 18, 19) are granted. The court will review all of McClary's filings to determine whether they can withstand the screening required by 28 U.S.C. § 1915A.

The Prison Litigation Reform Act of 1995 ("PLRA") requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. §1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011) *aff'd*, 469 F.

App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* McClary's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547 (1967).

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner until . . . such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life. . . ." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The requirement covers all available remedies, "not just those that meet federal standards." *Woodford v. Ngo,* 548

U.S. 81, 85 (2006). To properly satisfy this requirement, an inmate must go through all the steps that an agency provides for the resolution of grievances so that the agency has an opportunity to address the merits of the inmate's claims. *See id.* at 90. Such exhaustion is mandatory, and unexhausted claims may not be litigated in federal court. *Jones v. Bock,* 549 U.S. 199, 211 (2007).

McClary, however, acknowledges that he did not exhaust the inmate grievance process before filing his Complaint. *See* Compl. at 1, D.E. 1. His filings indicate that he filed a grievance with the North Carolina Department of Public Safety on December 14, 2014, Am. Compl. Ex. D.E. 6-1, and filed the present action five days later on December 19, 2014.[2] D.E. 1. According to North Carolina Department of Corrections policy, prison officials have 15 days to respond to the Step One grievance McClary filed. N. Carolina Dep't. of Corr., Div. of Prisons, Policy & Procedures Manual G.307(f)(1) (Aug. 1, 2013).

The PLRA does not permit an inmate to exhaust his administrative remedies during the course of litigation; it requires him to exhaust those avenues of redress *before* he files a lawsuit. *See Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008) (The PLRA requires that "prisoners ... exhaust such administrative remedies as are available prior to filing suit in federal court.") (internal quotations omitted); *Green v. Rubenstein*, 644 F. Supp. 723, 743 (S.D.W.Va. 2009) (a "prisoner . . . may not exhaust administrative remedies during the pendency of the federal suit."). Therefore, because it is evident from the face of his pleadings that McClary failed to exhaust his administrative remedies prior to filing his lawsuit, the undersigned recommends that the court dismiss his Complaint without prejudice.

---

[2] In fact, McClary drafted and signed his Complaint on the same day he drafted his grievance. *Compare* D.E. 1 *with* D.E. 6-1.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to McClary. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If McClary does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: July 27, 2015.

*Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE