IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3320-D

| | |
|---|---|
| RONALD MCCLARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LIEUTENANT CROSSON, et al., ) | |
| ) | |
| Defendants. ) | |

On July 27, 2015, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 24]. In that M&R, Judge Numbers recommended that the court grant Ronald McClary's ("McClary" or "plaintiff") motions to amend the complaint [D.E. 6, 9, 13, 17, 18, 19], and that the court dismiss McClary's complaint without prejudice for failure to exhaust administrative remedies. On August 3, 4, and 6, 2015, McClary filed objections to the M&R [D.E. 25, 26, 27, 28].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed de novo the portions of the M&R to which plaintiff objected. McClary asserts that failure to exhaust is an affirmative defense and that he is not required to

demonstrate exhaustion in his complaint. Pl.'s Objs. to M&R [D.E. 25] 2–3; see also, Pl.'s Objs. to M&R [D.E. 26] 3. On August 6, 2015, McClary filed an Amended Memorandum in Support of his Complaint [D.E. 27]. On August 12, 2015, McClary filed a Document in Support of his Complaint [D.E. 28].

The court has reviewed the M&R, the record, and the briefs. The Prisoner Litigation Reform Act does not permit a prisoner to exhaust his administrative remedies during the course of litigation. See, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Green v. Rubenstein, 644 F. Supp. 2d 723, 743 (S.D.W.Va. 2009). It requires a prisoner to exhaust administrative remedies before filing suit. See, e.g., 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007). McClary's complaint and amended complaints demonstrate that he failed to exhaust his administrative remedies before filing suit. See [D.E. 1, 6, 8, 9, 13, 14, 15, 17, 18, 19, 23]. When, as here, the face of a prisoner's complaint demonstrates a failure to exhaust administrative remedies, and no valid excuse for such failure, a district court may dismiss the complaint without prejudice. See, e.g., Moore, 517 F.3d at 725–26. Accordingly, the court adopts the conclusions in the M&R and dismisses McClary's complaint without prejudice for failure to exhaust administrative remedies.

In sum, plaintiff's motions to amend the complaint [D.E. 6, 9, 13, 17, 18, 19, 23] are GRANTED, plaintiff's objections [D.E. 25, 26, 27, 28] to the M&R are OVERRULED, and plaintiff's complaint [D.E. 1] is DISMISSED without prejudice for failure to exhaust administrative remedies.

SO ORDERED. This 24 day of August 2015.

JAMES C. DEVER III
Chief United States District Judge

2